RITA BOYD HUGHART, Administrator and Guardian *Ad Litem* for JAMES DAKOTA LEVI BOYD, Minor Son, and KRISTIN NICOLE BOYD, Minor Daughter, of JAMES D. BOYD, Deceased Employee, Plaintiff v. DASCO TRANSPORTATION, INC., Employer, and/or STRATEGIC OUTSOURCING, INC., Employer, CONTINENTAL CASUALTY COMPANY, Carrier, Defendants

No. COA03-1295

(Filed 4 January 2005)

## 1. Workers' Compensation— joint employment—estoppel

The Industrial Commission erred in a workers' compensation case by concluding that decedent worker who died in a motor vehicle accident while delivering furniture for defendant Dasco was a joint employee of defendant SOI and by concluding that SOI was estopped from denying an employment relationship, because: (1) there was no contractual relationship, implied or

―――――――――

otherwise, between decedent and SOI and receipt of an application by defendant Dasco was not enough to create an employee relationship under the service agreement between defendant companies; (2) SOI had to approve the application and receive payroll information before the individual became an SOI employee, and SOI offered uncontroverted evidence that SOI received neither an application nor any payroll information regarding decedent, and SOI was not even aware of decedent's hiring; (3) there is no evidence that either SOI or its workers' compensation carrier accepted insurance premiums on behalf of decedent; and (4) the record contains no evidence suggesting that decedent had any knowledge that SOI existed or that it had granted any authority at all to Dasco.

## 2. Workers' Compensation— employee—independent contractor

The Industrial Commission did not err in a workers' compensation case by concluding that decedent worker who died in a motor vehicle accident while delivering furniture for defendant Dasco was an employee of Dasco, rather than an independent contractor or an assigned employee of defendant SOI, because: (1) the service agreement between defendant companies contemplates that Dasco could have employees who were either not intended to ever be assigned employees or who had not yet qualified as assigned employees, and in either event, Dasco was responsible for the individual's workers' compensation insurance; (2) decedent was not designated as an assigned employee; (3) decedent was not engaged in an independent business, calling, or occupation; (4) the record contains no evidence that decedent's experience in carrying furniture and driving a 35-foot furniture truck involved specialized skill, knowledge, or training; (5) decedent did not have a commercial driver's license and his position was as a helper to the lead driver who did not allow decedent to exercise independent judgment in applying his experience; (6) decedent was not free to control his own time on the furniture delivery trips; (7) there was no evidence that Dasco required decedent to have workers' compensation insurance as it did for independent contractors; (8) Dasco had decedent complete an employment application; (9) Dasco entrusted decedent with its furniture delivery truck; and (10) although decedent was doing a specified piece of work at a fixed price or for a lump sum, no single factor under *Hayes v. Bd. of Trustees of Elon College*, 224 N.C. 11 (1944), is controlling.

Appeal by defendants from Opinion and Award filed 6 June 2003 by the North Carolina Industrial Commission. Heard in the Court of Appeals 17 June 2004.

*Randy L. Cranford, for plaintiff-appellee.*

*Wyatt, Early, Harris & Wheeler, L.L.P., by Kim R. Bauman, for defendant-appellant Dasco Transportation, Inc.*

*Robinson & Lawing, L.L.P., by Jolinda J. Babcock and Rebecca Miller, for defendants-appellants Strategic Outsourcing, Inc. and Continental Casualty Company.*

GEER, Judge.

Defendants Dasco Transportation, Inc. ("Dasco"), Strategic Outsourcing, Inc. ("SOI"), and SOI's carrier, Continental Casualty Co., appeal from the Full Commission's Opinion and Award requiring them to pay, in equal portions, workers' compensation death benefits as a result of James D. Boyd's death in a motor vehicle accident while delivering furniture for Dasco. Both defendants contend that Boyd was not their employee and that the Commission, therefore, did not have jurisdiction to award benefits. After reviewing the record *de novo*, as we are required to do with workers' compensation jurisdictional questions, we hold that Boyd was an employee of Dasco at the time of his accidental death, but that he was not an employee of SOI. Accordingly, we reverse that part of the Opinion and Award imposing liability on SOI.

## Facts

Defendant Dasco is a North Carolina corporation, specializing in home furniture delivery throughout the southeastern United States. This workers' compensation case involves the death of James Boyd, who was driving a Dasco furniture delivery truck on a delivery trip when he was killed in a motor vehicle accident on 25 June 1999.

Defendant SOI provides administrative services to small and medium-sized companies. Dasco and SOI entered into a service agreement under which SOI, in return for a fee, approved prospective Dasco employees and then handled payroll services and insurance, including workers' compensation insurance, for those employees, called "assigned employees." Dasco was exclusively responsible for managing and supervising the assigned employees. In order to meet its staffing needs, Dasco relied not only on the assigned em-

ployees, but also on employees of another trucking company and independent contractors.

On Dasco furniture delivery trips, there would be a "lead driver" and a "helper." In June 1999, Dasco needed a replacement worker to assist lead driver Adam Epperson, an assigned employee, because his regular helper, also an assigned employee, was sick. Scott Shipley, the president of Dasco, asked Mark Hughart, an independent contractor driver for Dasco and Boyd's stepfather, if he knew anyone who could go out on a truck as a helper. After Hughart suggested Boyd, Shipley asked Hughart to bring Boyd in to fill out an application. Although Boyd did not have a commercial driver's license, he had previously worked as a helper and a driver in the in-home furniture delivery business.

Hughart brought Boyd to meet with Shipley. The evidence is disputed as to whether Boyd completed an application for employment. Although Shipley testified that Boyd did not complete an application, Hughart testified—without objection—that Boyd told him that he had filled out an application and Shipley let Epperson, as lead driver, look it over. Epperson said that the application was fine and he would take Boyd. Shipley testified that Boyd was to be paid a flat fee of $350.00 per trip.

Boyd ultimately made two trips with Epperson as Epperson's helper. The role of a "helper" in the home furniture delivery business is to assist the lead driver by helping with the driving and carrying the furniture into the home. Boyd and Epperson made one furniture delivery trip during the week of 14 June 1999 and returned to High Point later the same week. The following week, the two made a second trip, during which the fatal accident occurred.

After Boyd's workers' compensation claim was denied, the case was heard before Deputy Commissioner Bradley W. Houser, who entered an Opinion and Award on 7 January 2002, concluding that Boyd was a joint employee of Dasco and SOI and awarding benefits. Both defendants appealed to the Full Commission. After argument before the Full Commission, defendants were ordered to produce a copy of the agreement between Dasco and SOI and, over SOI's objection, Dasco produced the agreement. On 6 June 2003, the Full Commission affirmed the Deputy Commissioner's Opinion and Award with certain modifications. Defendants gave timely notice of appeal to this Court.

## Discussion

"To be entitled to maintain a proceeding for workers' compensation, the claimant must be, in fact and in law, an employee of the party from whom compensation is claimed." *Youngblood v. North State Ford Truck Sales*, 321 N.C. 380, 383, 364 S.E.2d 433, 437 (1988). An independent contractor is not covered by the Workers' Compensation Act and does not come within the jurisdiction of the Industrial Commission. *Id.* The claimant has the burden of proving that an employer-employee relationship existed at the time that the injury by accident occurred. *Lucas v. Li'l General Stores*, 289 N.C. 212, 218, 221 S.E.2d 257, 261 (1976).

The question whether an employer-employee relationship existed is a jurisdictional one, and "the finding of a jurisdictional fact by the Industrial Commission is not conclusive upon appeal even though there be evidence in the record to support such finding." *Id.* Thus, "[t]he reviewing court has the right, and the duty, to make its own independent findings of such jurisdictional facts from its consideration of all the evidence in the record." *Id.*

I

[1] Defendant SOI argues that the Commission erred when it found that Boyd was a joint employee of SOI and Dasco and when it concluded that SOI was estopped from denying an employment relationship. We agree that Boyd was not an employee of SOI.

A. The Relationship Between Boyd and SOI

The Workers' Compensation Act defines an employee as "every person engaged in an employment under any appointment or contract of hire or apprenticeship, express or implied, oral or written . . . ." N.C. Gen. Stat. § 97-2(2) (2003). This Court has observed that "it is fundamental that under some circumstances a person can be an employee of two different employers at the same time, in which event either employer or both may be liable for Workers' Compensation." *Henderson v. Manpower of Guilford County, Inc.*, 70 N.C. App. 408, 413, 319 S.E.2d 690, 693 (1984). Joint employment exists " 'when a single employee, under contract with two employers, and under the simultaneous control of both, simultaneously performs services for both employers, and when the service for each employer is the same as, or is closely related to, that for the other.' " *Id.* at 413-14, 319 S.E.2d at 693 (quoting 1C Larson, *Workman's Compensation Law*

HUGHART v. DASCO TRANSP., INC.

[167 N.C. App. 685 (2005)]

§ 48.40 (1982)). When joint employment has occurred, both employers are liable for workers' compensation. *Id.*

Nevertheless, " 'joint employment as to one employer cannot be found in the absence of a contract with that employer.' " *Anderson v. Texas Gulf, Inc.*, 83 N.C. App. 634, 638, 351 S.E.2d 109, 111 (1986) (quoting 1C Larson, *The Law of Workmen's Compensation* § 48.44, pp. 8-531 to 32). This is consistent with the general rule that "[t]he relationship of employer-employee 'is essentially contractual in its nature, and is to be determined by the rules governing the establishment of contracts, express or implied.' " *Dockery v. McMillan*, 85 N.C. App. 469, 473, 355 S.E.2d 153, 155 (quoting *Hollowell v. N.C. Dep't of Conservation & Dev.*, 206 N.C. 206, 208, 173 S.E. 603, 604 (1934)), *disc. review denied*, 320 N.C. 167, 358 S.E.2d 49 (1987).

We must, therefore, first address the question whether the evidence established that there was a contract, express or implied, between Boyd and SOI. While plaintiff points to evidence that Shipley acted as an agent for SOI in hiring assigned employees and argues that he necessarily was acting as SOI's agent when hiring Boyd, plaintiff's argument overlooks the limits placed on Shipley's authority by the parties' agreement. Paragraph 4.1 of the service agreement between SOI and Dasco provides that no individual shall be hired by SOI until the individual has completed an SOI employment application, the application has been accepted and signed by Dasco and SOI, and SOI has designated the individual as an assigned employee. While the testimony was conflicting as to whether Boyd filled out an application, the record contains no evidence that Shipley ever forwarded any application from Boyd to SOI. Moreover, under the agreement between Dasco and SOI, receipt of an application by Dasco was not enough to create an employee relationship under the service agreement. SOI had to approve the application and receive payroll information before the individual became an SOI employee. SOI offered uncontroverted testimony that SOI received neither an application nor any payroll information regarding Boyd—and indeed was not aware of Boyd's hiring at all.

The only evidence as to any connection whatsoever between SOI and Boyd was that Boyd was supervised by Epperson, who was an assigned employee of SOI. This fact, while relevant to the question whether Boyd was an independent contractor or an employee, does not have any bearing on whether Boyd had entered into a contractual relationship with SOI in the first place.

Accordingly, we find from the evidence that there was no contractual relationship, implied or otherwise, between Boyd and SOI. Since " 'joint employment as to one employer cannot be found in the absence of a contract with that employer[,]' " *Anderson*, 83 N.C. App. at 638, 351 S.E.2d at 111 (quoting 1C Larson, *The Law of Workmen's Compensation* § 48.44, pp. 8-531 to 32), we conclude that Boyd was not an employee of SOI. As a result, the Commission lacked jurisdiction over the claim against SOI. *Youngblood*, 321 N.C. at 383, 364 S.E.2d at 437.

B. Equitable Estoppel

Alternatively, the Commission concluded that "given that SOI clothed Scott Shipley with apparent authority to hire joint employees, SOI is estopped from denying that the decedent was a joint employee of SOI and Dasco." " 'The law of estoppel applies in [workers'] compensation proceedings as in all other cases.' The status of [a] claimant as an employee may be established by way of estoppel." *Garrett v. Garrett & Garrett Farms*, 39 N.C. App. 210, 212-13, 249 S.E.2d 808, 809 (1978) (quoting *Biddix v. Rex Mills, Inc.*, 237 N.C. 660, 665, 75 S.E.2d 777, 781 (1953)), *disc. review denied*, 296 N.C. 736, 254 S.E.2d 178 (1979). Estoppel cases have typically involved situations when a carrier repeatedly accepted insurance premiums for the injured individual, but then denied employment status following the injury. *See, e.g., Carroll v. Daniels & Daniels Constr. Co.*, 327 N.C. 616, 622, 398 S.E.2d 325, 329 (1990) ("This Court has stated in several workers' compensation cases that if an insurance carrier accepts workers' compensation insurance premiums for an individual, it cannot deny liability for coverage."); *Godley v. County of Pitt*, 306 N.C. 357, 360, 293 S.E.2d 167, 169 (1982) (appellate courts have applied estoppel "when the carrier has previously and routinely accepted the payment of insurance premiums pertaining to the injured individual").

Here, there is no evidence that either SOI or Continental Casualty Co., SOI's workers' compensation insurance carrier, accepted insurance premiums on behalf of Boyd. Instead, it appears that the Commission was relying more on the doctrine of apparent authority. Our Supreme Court has explained the governing principles:

The rights and liabilities which exist between a principal and a third party dealing with that principal's agent may be governed by the apparent scope of the agent's authority, which is that authority which the principal has held the agent out as possess-

ing or which he has permitted the agent to represent that he possesses; *however, the determination of a principal's liability in any particular case must be determined by what authority the third person in the exercise of reasonable care was justified in believing that the principal had, under the circumstances, conferred upon his agent.*

*Zimmerman v. Hogg & Allen, P.A.*, 286 N.C. 24, 30-31, 209 S.E.2d 795, 799 (1974) (emphasis added). In other words, if the apparent authority doctrine applies, the proper question is: What authority did Boyd reasonably believe SOI had conferred upon Dasco? The record, however, contains no evidence suggesting that Boyd had any knowledge that SOI existed or that it had granted any authority at all to Dasco. Indeed, Boyd's stepfather, Mark Hughart, testified that he was not aware of SOI's existence.

Because there is no evidence that Boyd was aware of SOI or that SOI was aware of Boyd, we hold that the Commission erred in concluding that SOI was estopped from denying that Boyd was its employee. We, therefore, reverse the Commission's Opinion and Award to the extent it imposed liability on SOI.[1]

II

**[2]** Defendant Dasco contends that the Commission erred in concluding that Boyd was its employee rather than an independent contractor. In making its argument, Dasco assumes that Boyd could only have been either an assigned employee of SOI or an independent contractor. We observe at the outset that the evidence indicates that another alternative existed: that Boyd was solely an employee of Dasco.

The service agreement between Dasco and SOI expressly anticipates that Dasco could employ additional individuals who would not be covered by the agreement, but would still be employees of Dasco. Paragraph 4.1.1 provides that SOI is not responsible for wages and benefits until the hired individual is designated by SOI as an assigned employee and that if Dasco allows someone to work before the designation, Dasco "shall be responsible for the individual's salary and related employee benefits, including worker's compensation . . . ." Paragraph 6.2 states that Dasco agrees that workers' compensation coverage applies only to assigned employees and that "[Dasco]

---

1. Because of our disposition of SOI's appeal, we need not address its contention that the Commission abused its discretion when it ordered the parties to produce the service agreement between SOI and Dasco.

assumes complete responsibility for any and all Workers' Compensation claims, of any and all parties hired by [Dasco] as employee, independent contractor, or other status, outside of this Service Agreement." Finally, paragraph 6.4 provides: "If [Dasco] employs any employees other than the Assigned Employees during the term of this Service Agreement, [Dasco] shall maintain workers' compensation insurance to cover the activities of all such employees and shall name SOI as an additional insured."

These provisions contemplate that Dasco could have employees who were either not intended to ever be assigned employees or who had not yet qualified as assigned employees. In either instance, Dasco was responsible for the individual's workers' compensation insurance. If Dasco's assumption that someone working for it had to be either an assigned employee or an independent contractor were correct, then these provisions would be meaningless. Taken as a whole, the purpose of Paragraph 6 appears to be to ensure that every possible individual working for Dasco is covered by workers' compensation insurance, whether through SOI (for individuals designated as assigned employees), through Dasco (for all other employees), or through his or her own coverage (as an independent contractor).

We have concluded that Boyd was not designated as an assigned employee. He could still be an employee of Dasco or an employee intended to be an assigned employee, but not yet approved by SOI. The question before this Court is whether Boyd was an employee of Dasco or an independent contractor. Our Supreme Court has held that the definition of "employee" contained in the Workers' Compensation Act "adds nothing to the common law meaning of the term." *Lucas*, 289 N.C. at 219, 221 S.E.2d at 261. To determine whether a worker is an independent contractor or an employee, we apply the traditional common law tests. *McCown v. Hines*, 353 N.C. 683, 686, 549 S.E.2d 175, 177 (2001). As this Court has previously held, "[t]he question of whether a relationship is one of employer-employee or independent contractor turns upon the 'extent to which the party for whom the work is being done has the right to control the manner and method in which the work is performed.' " *Williams v. ARL, Inc.*, 133 N.C. App. 625, 630, 516 S.E.2d 187, 191 (1999) (quoting *Fulcher v. Willard's Cab Co.*, 132 N.C. App. 74, 79, 511 S.E.2d 9, 13 (1999)).

In *Hayes v. Bd. of Trustees of Elon College*, 224 N.C. 11, 29 S.E.2d 137 (1944), the Supreme Court announced eight factors that courts should consider in determining the degree of control exer-

cised by the hiring party. An independent contractor relationship likely exists if:

> [t]he person employed (a) is engaged in an independent business, calling, or occupation; (b) is to have the independent use of his special skill, knowledge, or training in the execution of the work; (c) is doing a specified piece of work at a fixed price or for a lump sum or upon a quantitative basis; (d) is not subject to discharge because he adopts one method of doing the work rather than another; (e) is not in the regular employ of the other contracting party; (f) is free to use such assistants as he may think proper; (g) has full control over such assistants; and (h) selects his own time.

*Id.* at 16, 29 S.E.2d at 140. "No particular one of these factors is controlling in itself, and all the factors are not required. Rather, each factor must be considered along with all other circumstances to determine whether the claimant possessed the degree of independence necessary for classification as an independent contractor." *McCown*, 353 N.C. at 687, 549 S.E.2d at 178.

Keeping in mind the relevant factors, we find the following jurisdictional facts. With respect to whether Boyd was engaged in an independent business, calling, or occupation, Hughart testified that Boyd had previously worked as a helper and a driver in the in-home furniture delivery business. Boyd had not, however, ever had his own furniture delivery business or owned his own truck, but instead worked under the control of other employers. He was not engaged in an independent business, calling, or occupation.

The record contains no evidence suggesting that Boyd's experience in carrying furniture and driving a 35-foot furniture truck involved specialized skill, knowledge, or training. Boyd did not even have a commercial driver's license. In addition, Boyd's position as a "helper" to Epperson, the lead driver, did not allow him to exercise independent judgment in applying his experience. Hughart testified that the helper "just helps [do] the driving and carry the furniture in," whereas the lead driver "is responsible for mapping out the routes, making the phone calls, getting directions, things like that." The evidence relied upon by Dasco to demonstrate independence related only to the freedom of the lead driver and not that of the helper. The evidence showed that Boyd did not act independently, but instead was directly supervised by Epperson, an assigned employee of Dasco. Through Epperson, Dasco controlled how Boyd did his job. The evidence also gives rise to the inference that Epperson, as the lead

driver, set the hours and schedule for the trip, within the overall time frame established by Dasco. Thus, the evidence showed that Boyd was not free to control his own time on the furniture delivery trips.

The evidence tended to show that Boyd was in the regular employ of Dasco. We find it more likely that Boyd did complete an application, something that Shipley required only when he intended to have an individual become an assigned employee. He did not have Boyd sign an independent contractor's agreement and although independent contractors hired by Dasco were required under the service agreement to have workers' compensation insurance, there is no evidence that Dasco required that Boyd have workers' compensation insurance. Hughart also testified, without objection, that Boyd did not plan to return to his previous job but "had decided to stay with Dasco because he liked going out and doing in-home delivery better than he did . . . working in a warehouse."

In addition to the *Hayes* factors, our Supreme Court has held that "when valuable equipment is furnished to the worker, the relationship is almost invariably that of employer and employee." *Youngblood,* 321 N.C. at 385, 364 S.E.2d at 438 (citing 1C A. Larson, *The Law of Workmen's Compensation* § 44.34(a)). Here, at the time of the accident, Boyd was driving a 35-foot truck registered to Dasco, which qualifies as "valuable equipment."

The only factor that militates against a finding that Boyd was an employee of Dasco is that he was doing a specified piece of work at a fixed price or for a lump sum. Since no single *Hayes* factor is controlling, *McCown,* 353 N.C. at 687, 549 S.E.2d at 178, the pay received by Boyd does not mandate the conclusion that he was an independent contractor.

Application of the relevant factors reveals that: (1) Boyd was not engaged in an independent business, calling, or occupation; (2) he did not have the independent use of any special skill, knowledge, or training in the execution of the work; (3) the details of how he performed his work, including the time the work was done, was controlled by Dasco; (4) Dasco did not require proof of workers' compensation insurance as it did for independent contractors or completion of an independent contract; (5) Dasco had Boyd complete an employment application; and (6) Dasco entrusted Boyd with its furniture delivery truck. We hold that these factors substantially outweigh the fact that Boyd was apparently paid a flat rate. Boyd was, therefore, an employee of Dasco rather than an independent contractor.

Accordingly, we affirm the Commission's opinion and award to the extent it imposes liability on Dasco. Because we have also concluded that Boyd was not an employee of SOI, we need not address Dasco's contention that the Commission erred in concluding that Dasco and SOI are equally liable for workers' compensation benefits. We remand to the Commission for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

Judges HUDSON and THORNBURG concur.

Judge THORNBURG concurred prior to 31 December 2004.