***********
On March 17, 2008, plaintiff filed a Motion for Additional Evidence with the Full Commission. On March 24, 2008, defendants filed a response to plaintiff's Motion for *Page 3 
Additional Evidence. Attached to plaintiff's motion was Plaintiff's Exhibit 1 to the motion which included the proposed additional evidence to be admitted. The Full Commission has reviewed plaintiff's motion and defendants' response. In the discretion of the undersigned, the following are now admitted into the evidence of record:
1. Pages 1-2 of Plaintiff's Exhibit 1, February 21, 2005 email from Patrician Heflin to Steve Gheen.
2. Page 5 of Plaintiff's Exhibit 1, Facsimile Transmittal from Attorney Mark L. Zientz to Deputy Commissioner Philip Baddour dated May 7, 2007.
3. Pages 6-7 of Plaintiff's Exhibit 1, August 24, 2007 Order by Deputy Commissioner Philip A. Baddour III.
4. Pages 12-20 of Plaintiff's Exhibit 1: October 19, 2007 letter to Deputy Commissioner Baddour from Attorney John D. Elvers, October 19, 2007 letter and attachments to the North Carolina Industrial Commission from Melody L. Hampton, claims adjustor for Amerisafe, letter dated August 23, 2007 to Deputy Commissioner Baddour from Attorney Kathleen Sumner, and a letter dated October 23, 2007 from Attorney John D. Elvers to Deputy Commissioner Baddour including copies of checks payable to Patricia Heflin.
5. October 23, 2007 letter, contained in Defendants' Exhibit A to defendants' response to plaintiff's Motion for Additional Evidence, from Attorney John D. Elvers to Deputy Commissioner Baddor in response to plaintiff's August 23, 2007 correspondence to Deputy Commissioner Baddour.
 ***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Baddour and the briefs and arguments of the *Page 4 
parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. The Full Commission adopts the Opinion and Award of Deputy Commissioner Baddour with modifications.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS
1. All parties are before the Commission and the Commission has jurisdiction of the parties and of the subject matter.
2. On April 2, 2004, an employee-employer relationship existed between deceased-employee, Claude Heflin, Jr., and employer-defendant.
3. On April 2, 2004, American Interstate Insurance Company was the insurance carrier at risk for payment of workers' compensation claims for employer-defendant's employees, including deceased-employee.
4. At the hearing of this matter before the deputy commissioner, the parties agreed that the deputy commissioner would make an award of benefits based upon an average weekly wage of $387.50, yielding a compensation rate of $258.46, with plaintiffs reserving the right to file a Form 33 seeking an increase in the average weekly wage to be applied to all past and future benefits, unless the parties were able to reach a stipulation as to average weekly wage. Following the hearing before the deputy commissioner, the parties did not submit a stipulation as to average weekly wage.
5. Pursuant to e-mail correspondence received by the Commission on January 3, 2008, defendants do not object to paying a reasonable fee in the amount of $1,200.00 to N. *Page 5 
Victor Farah for his services as Guardian ad Litem for Christopher Heflin and Gregory Heflin. This fee is based upon eight hours of service, including time attending the hearing, at a rate of $150.00 per hour.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. The deceased employee, Claude Heflin, Jr., died as a result of a compensable injury by accident during his employment with employer-defendant on April 2, 2004. Defendants acknowledged compensability of this claim and requested a hearing to determine dependency.
2. The deceased employee was employed by G.R. Hammonds Roofing in North Carolina and, at the time of his death, was working on a job site in Florida.
3. The deceased employee was survived by a widow, Patricia Heflin, and four children, Christopher Heflin, Andrew Heflin, Claude Heflin, III, and Lowell Heflin. Gregory Heflin, a potential dependent, is not the biological child of the deceased employee.
4. Plaintiff Patricia Heflin (formerly Patricia Corbett) and the deceased employee were married at the time of the deceased employee's death on April 4, 2004. Patricia Heflin bore no children.
5. Patricia Heflin, through counsel, filed a North Carolina Industrial Commission Form 18 Notice of Accident and Claim on June 22, 2004.
6. On January 10, 2005, Ms. Heflin filed a Florida Petition for Workers' Compensation Benefits arising out of the death of the deceased employee. *Page 6 
7. On March 24, 2005, Ms. Heflin's Florida counsel, Mark Zientz, voluntarily dismissed all Petitions for Benefits filed in Florida for workers' compensation benefits.
8. Ms. Heflin's former North Carolina attorney, Caryn Madison, filed a Motion to Withdraw as Counsel for Ms. Heflin, but did not file a Motion to Dismiss Ms. Heflin's claim. On March 25, 2005, the Industrial Commission issued an Order allowing Ms. Madison to withdraw as counsel for Ms. Heflin's North Carolina workers' compensation claim. The North Carolina claim was not, and has not been, dismissed.
9. On December 2, 2005, Ms. Heflin filed a wrongful death claim in Florida based on her allegation that the insurer failed to accept or deny the Florida workers' compensation claim.
10. Defendants made payments to Ms. Heflin in the amount of $41.00 per week ($82.00 biweekly) from April 2, 2004 and continuing through the present in connection with her North Carolina workers' compensation claim.
11. Ms. Heflin testified that she accepted and cashed benefit checks from defendants. However at the August 23, 2007 hearing before the deputy commissioner, Ms. Heflin stated in open court that she wishes to renounce her entitlement to future benefits pursuant to the present proceeding before the North Carolina Industrial Commission.
12. Mr. Christopher Heflin was born on November 6, 1984. Christopher Heflin is the son of the deceased employee and Ms. Dawn Heflin, the deceased employee's former wife, who is also deceased. The deceased employee and Ms. Dawn Heflin divorced effective December 16, 1986. N. Victor Farah served as Guardian ad Litem of Christopher Heflin to determine Christopher Heflin's entitlement to death benefits. Christopher Heflin was 19 years old at the *Page 7 
time of the deceased employee's death and was not wholly dependant upon the deceased employee.
13. N. Victor Farah also served as Guardian ad Litem of Gregory Heflin to determine Gregory Heflin's entitlement to death benefits. Gregory Heflin is the son of the deceased employee's ex-wife, Dawn Heflin (deceased). Gregory Heflin was born in Pennsylvania and his current whereabouts are unknown. Gregory Heflin was not born during the marriage of deceased employee and Ms. Dawn Heflin, and deceased employee did not acknowledge Gregory Heflin as his child. The deceased employee did not provide support for Gregory Heflin.
14. Andrew Heflin is the son of the deceased employee and Dawn Heflin (deceased), the ex-wife of the deceased employee. The deceased-employee and Dawn Heflin were divorced effective December 16, 1986, but had a child, Andrew Heflin, on October 29, 1990. At the time of the deceased employee's death, Andrew Heflin was in foster care. The deceased employee recognized Andrew Heflin as his child and provided support to him. Cindy Diggs, sister of the deceased employee, currently has custody of Andrew Heflin and serves as Guardian ad Litem of Andrew Heflin in this case. Andrew Heflin was 13 years old at the time of the deceased employee's death.
15. Claude Heflin, III was born on September 4, 1991 and is the son of the deceased employee and Lisa Wayne (formerly known as Lisa Marie Robinson and Lisa Marie Heflin). The deceased employee and Ms. Wayne became married on December 31, 1991 and became divorced effective May 31, 1995. Claude Heflin, III was 12 years old at the time of the deceased employee's death and currently resides with Ms. Wayne. The deceased employee recognized Claude Heflin, III as his child and the deceased employee supported Claude Heflin, III as of April 2, 2004. *Page 8 
16. Lowell Heflin was born on June 7, 1993 and is the son of the deceased employee and Ms. Wayne. Lowell Heflin was 10 years old at the time of the deceased employee's death. The deceased employee recognized Lowell Heflin as his child and supported Lowell Heflin as of April 2, 2004.
17. Following the hearing and pursuant to the August 24, 2007 Order by the deputy commissioner, defendants began paying the appointed Guardians for Andrew Heflin, Claude Heflin, and Lowell Heflin in the amount of $51.69 per week (one-fifth of the compensation rate of $258.46) from April 2, 2004, with the accrued benefits paid in a lump sum, and subject to modification by this Opinion and Award.
18. Based upon the competent and credible evidence of record, the undersigned find that Andrew Heflin, Claude Heflin III, and Lowell Heflin were minor children of the deceased employee at the time of his death and are entitled to share in North Carolina death benefits.
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 CONCLUSIONS OF LAW
1. Andrew Heflin, Claude Heflin III, and Lowell Heflin are entitled to North Carolina death benefits at the rate of $64.62 per week from April 2, 2004 through the date of the deputy commissioner's January 8, 2008 Opinion and Award and at a rate of $86.15 per week from January 8, 2008 and continuing until the minor child reaches age eighteen (18) or for 400 weeks, whichever is later. N.C. Gen. Stat. §§ 97-38; 97-2(5).
2. The law of estoppel applies in workers' compensation cases as in all other cases. Hughart v. Dasco Tranp., Inc., 167 N.C. App 685, 606 S.E.2d 379 (2005). Patricia Heflin is *Page 9 
estopped from claiming a renunciation of benefits prior to the entry of this Opinion and Award based upon her acceptance of benefits paid to her by defendants. However, based upon Ms. Heflin's statement in open court, and in her written contentions, that she wishes to renounce her right to future benefits pursuant to the present proceeding before the Commission, Ms. Heflin has effectively renounced her right to future benefits in North Carolina upon the entry of this Opinion and Award. Accordingly, Ms. Heflin is entitled to North Carolina death benefits at the rate of $64.62 per week from April 2, 2004 through the date of the January 8, 2008 Opinion and Award by Deputy Commissioner Baddour and no further. Any payment of benefits by defendants to Ms. Heflin for periods after the entry of this Opinion and Award are gratuitous and have no effect on the benefits owing to other beneficiaries.
3. Defendants are responsible for payment of funeral expenses not to exceed $3,500.00 pursuant to the provisions of N.C. Gen. Stat. § 97-38.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay death benefits to Andrew Heflin, Claude Heflin III, and Lowell Heflin at the rate of $64.62 per week from April 2, 2004 through the date of Deputy Commissioner Baddour's January 8, 2008 Opinion and Award and at a rate of $86.15 per week from January 8, 2008 and continuing until the minor child reaches age eighteen (18) or for 400 weeks, whichever is later.
2. Patricia Heflin is estopped from claiming a renunciation of benefits prior to the entry of this Opinion and Award based upon her acceptance of benefits paid to her by *Page 10 
defendants; however, Ms. Heflin has effectively renounced her right to future benefits in North Carolina upon the entry of this Opinion and Award. Accordingly, defendants shall pay death benefits to Patricia Heflin at the rate of $64.62 per week from April 2, 2004 through the date of this Opinion and Award and no further. Any payment of benefits by defendants to Patricia Heflin for periods after the entry of this Opinion and Award are gratuitous and have no effect on the benefits owing to other beneficiaries.
3. Defendants shall pay funeral expenses not to exceed $3,500.00 pursuant to the provisions of N.C. Gen. Stat. § 97-38.
4. Defendants shall pay a reasonable fee of $1,200.00 to N. Victor Farah for his services as Guardian ad Litem for Christopher Heflin and Gregory Heflin.
5. Each side shall bear its own costs.
This the 1st day of July 2008.
 S/___________________
 BUCK LATTIMORE
 COMMISSIONER
CONCURRING:
S/_____________ DANNY L. McDONALD COMMISSIONER
DISSENTING:
S/_____________ BERNADINE S. BALLANCE COMMISSIONER