* * * * * * * * * * *
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Deluca and the briefs and arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner DeLuca with minor modifications.
 * * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by parties at the hearing before the Deputy Commissioner as: *Page 2 
 STIPULATIONS
1. All parties have been correctly designated, and there is no question as to misjoinder or non-joinder of parties.
2. The plaintiff suffered an injury on September 19, 2005.
3. The parties dispute whether an employment relationship existed between the plaintiff, Kelvin Covington, and defendants, N.C. Department of Correction and Helping Hand Mission.
4. The following exhibits have been stipulated into evidence:
 a. Stipulated Exhibit #1 — Pre-trial Agreement;
 b. Stipulated Exhibit #2 — Plaintiff's Medical Records (Stip. Exhibit 2)
 c. Stipulated Exhibit #3 — Discovery Responses
5. Additional documents admitted into evidence include:
 a. Defendants Exhibit #1 — Judgment Suspending Sentence-Felony
 b. Defendants Exhibit #2 — Community Service Work Program Placement Information Form
 c. Defendants Exhibit #3 — Insurance Claim Forms
 d. Defendants Exhibit #4 — Supplemental Accidental Insurance Policy
 * * * * * * * * * * *
Based upon all of the competent evidence of record and the reasonable inferences flowing therefrom, the Full Commission enters the following:
 FINDINGS OF FACT
1. Plaintiff's date of birth is September 14, 1967. Plaintiff graduated from Richmond Senior High School in Rockingham, North Carolina in 1985. He received training as a meat *Page 3 
cutter, an auto mechanic, and in electric wiring. His work experience is as follows: truck driver, meat cutter, knitter, fast food, mechanic, power washing, and lawn services.
2. On January 7, 2005, plaintiff, Kelvin Covington was arrested for felonious possession of cocaine with the intent to sell and distribute (05CR946) and for maintaining a dwelling (05CR947) in Wake County, North Carolina.
3. On April 5, 2005, plaintiff, Kelvin Covington pled guilty to one count of distributing cocaine (05CR946) and one count of maintaining a dwelling (05CR947).
4. The trial court imposed a sentence of 9-11 months imprisonment. The plaintiff's active term of imprisonment was suspended, and he was placed on supervised probation for a period of 24 months under the special conditions that he complete 50 hours of community service and comply with certain monetary obligations. The plaintiff was required to pay a $200 community service fee.
5. The competent evidence showed that on May 18, 2005, plaintiff met with Amelia Ann St. Clair from Community Service Work program to discuss the rules and regulations. At this meeting, plaintiff paid $100 to be placed into the community service program.
6. Plaintiff volunteered with Helping Hands Mission in Raleigh, North Carolina. Helping Hands Mission is a non-profit organization created to assist low-income families. This organization relies primarily on volunteers. There is no expectation of profit.
7. Plaintiff met with the Director of Helping Hand Mission, Sylvia Wiggins to discuss his community service projects at the nonprofit organization. Probationers assisted with the loading and unloading of furniture and cleaning up.
8. The Industrial Commission finds that plaintiff did not receive monetary compensation from the N.C. Department of Correction or Helping Hands Mission for performing *Page 4 
his community service. Plaintiff was never on the payroll of the defendants for the purpose of withholding payroll taxes and social security.
9. On September 19, 2005, plaintiff was bringing an appliance down a stairwell for Helping Hand Mission when he fell injuring his right ankle.
10. The competent evidence showed that plaintiff testified that he was not an employee.
11. The Industrial Commission finds that plaintiff was not a prisoner assigned to or in the custody of the N.C. Department of Correction on September 19, 2005.
12. The Industrial Commission finds that there was no employment contract written, expressed, or implied, or oral between the plaintiff and the defendants.
 * * * * * * * * * * *
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. To maintain a workers' compensation claim, "a claimant must be, in fact and in law, an employee of the [alleged employer] from whom compensation is claimed." Hughart v. Dasco Transp. Inc.,167 N.C. App. 685,606 S.E.2d 379 (2005). Otherwise, the Workers' Compensation Act does not apply.
2. The plaintiff bears the burden of proving that an employer-employee relationship existed at the time the injury occurred. See Lucas v.Liberty Mutual Stores, 289 N.C. 212, 221 S.E.2d 257 (1976).
3. Plaintiff has failed to establish by the greater weight of the evidence that such a relationship existed between himself and the defendants on September 19, 2005. N.C. Gen. Stat. *Page 5 
§ 97-2 (2).
4. Plaintiff was not a prisoner working for the N.C. Department of Correction on September 19, 2005. N.C. Gen. Stat. § 97-13 (c). Therefore, plaintiff was not an employee of the N.C. Department of Correction. N.C. Gen. Stat. § 97-13 (c).
5. Executive Order Number 48 enacted on April 21, 1980 stated that volunteers enrolled in services to state agencies are not entitled to benefits under Chapter 97 of the General Statutes, the Workers' Compensation Act.
6. As there was no employment relationship between plaintiff and the defendants in this matter, plaintiff's claim for workers' compensation benefits must be denied. Youngblood v. North State Ford TruckSales, 321 N.C. 380, 364 S.E.2d 433, 437 (1988)
 * * * * * * * * * * *
Based upon the foregoing Findings of Facts and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim that he is entitled to compensation for his injuries from defendants N.C. Department of Correction and Helping Hand Mission is hereby DENIED.
2. Each side shall bear its own costs.
This the 22nd day of September 2008.
S/___________________ DANNY LEE McDONALD COMMISSIONER
 CONCURRING: *Page 6 
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
S/_______________ CHRISTOPHER SCOTT COMMISSIONER *Page 1