JAMES W. ANDERSON, SR. v. TEXAS GULF, INC.

No. 863SC410

(Filed 30 December 1986)

**Master and Servant § 35— negligence action—joint or loaned employee—Rule 12(b)(6) dismissal based on workers' compensation coverage—improper**

    Plaintiff's action for negligence arising from an accident at defendant's plant should not have been dismissed for failure to set forth a claim upon which relief could be granted on the grounds that plaintiff was an employee of defendant under either the joint or lent employee doctrines and therefore limited to workers' compensation where there was no allegation that there was a contract for hire with defendant, the special employer, and no allegation that the work being done was essentially that of the special employer. N.C.G.S. § 97-10.1, N.C.G.S. § 1A-1, Rule 12(b)(6).

Anderson v. Texas Gulf, Inc.

APPEAL by plaintiff from *Phillips (Herbert O., III), Judge.* Order entered 7 February 1986 in Superior Court, CRAVEN County. Heard in the Court of Appeals 24 September 1986.

Plaintiff, James W. Anderson, Sr., filed a personal injury action against defendant, Texas Gulf, Inc., alleging negligence in connection with an accident which occurred at the Texas Gulf plant in Aurora, North Carolina. Defendant filed a timely motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. From allowance of the motion to dismiss, plaintiff appeals.

*Voerman & Ward, P.A., by J. Allen Murphy, attorney for plaintiff appellant.*

*Sumrell, Sugg & Carmichael, by James R. Sugg and Rudolph A. Ashton, III, attorneys for defendant appellee.*

ORR, Judge.

The sole issue before the Court is whether the plaintiff's complaint should have been dismissed because it conclusively showed plaintiff to be an employee of defendant at the time he was injured and thereby limited his remedy to recovery under the Workers' Compensation Act. We conclude that the trial court erred in dismissing the case.

N.C.G.S. § 97-10.1 provides that if an employee and employer are subject to and have complied with the Workers' Compensation Act, the rights and remedies granted to the employee under the Act are his sole remedy and exclude all other rights and remedies he may have had against his employer at common law. According to defendant, plaintiff's complaint conclusively shows him to be an employee, either under the lent or joint employee doctrines such that recovery under the Workers' Compensation Act provides the sole remedy for his injuries.

Under the lent employee doctrine:

"When a general employer lends an employee to a special employer, the special employer becomes liable for workmen's compensation only if

"(a) the employee has made a contract of hire, express or implied, with the special employer;

"(b) the work being done is essentially that of the special employer; and

"(c) the special employer has the right to control the details of the work.

"When all three of the above conditions are satisfied in relation to both employers, both employers are liable for workmen's compensation."

*Collins v. Edwards*, 21 N.C. App. 455, 459, 204 S.E. 2d 873, 876, *cert. denied*, 285 N.C. 589, 206 S.E. 2d 862 (1974) (quoting 1C, Larson, *The Law of Workmen's Compensation* § 48.00). Joint employment, on the other hand, occurs when

a single employee, *under contract* with two employers, and under the simultaneous control of both, simultaneously performs services for both employers, and when the service for each employer is the same as, or is closely related to, that for the other. In such a case, both employers are liable for workmen's compensation.

1C, Larson, *The Law of Workmen's Compensation* § 48.40, p. 8-511 (emphasis added).

In determining whether plaintiff's complaint was sufficient to withstand a motion to dismiss, "the well-pleaded material allegations of the complaint are taken as admitted; but conclusions of law or unwarranted deductions of facts are not admitted." *Lloyd v. Babb*, 296 N.C. 416, 427, 251 S.E. 2d 843, 851 (1979) (quoting *Sutton v. Duke*, 277 N.C. 94, 98, 176 S.E. 2d 161, 163 (1970) ). The material allegations of plaintiff's complaint are as follows:

1. "That at all times alleged . . . plaintiff was an employee of East Coast Machine and Iron Works, Inc.";

2. That "although an employee of East Coast Machine [,] . . . [plaintiff] was on loan to Texas Gulf, Inc. and was under the direct supervision and control of Texas Gulf, Inc. and [was] working *at* their place of business . . . in Aurora, North Carolina";

3. "That at all times alleged . . . defendant . . . was in direct control of the plaintiff's work activities and the plaintiff's safety";

4. That on the day of the accident plaintiff reported "directly to the defendant's business site in Aurora, North Carolina";

5. That on the day of the accident, "[a]t the direction of the supervisory personnel of the defendant, plaintiff was instructed along with two other employees on loan from East Coast Machine . . . to fit pipe together as part of a construction job at the business site of the defendant";

6. "That as a proximate result of the plaintiff working [in unsafe conditions] and without any safety features provided by the defendant, the plaintiff slipped and fell . . . and in doing so twisted and fractured his ankle severely and otherwise suffered severe permanent and disfiguring injuries";

7. That "the plaintiff was at all times doing his work for the defendant in as careful and safe a manner as possible under the conditions which the defendant instructed him to work"; and

8. "The proximate cause of the plaintiff's . . . injury was the negligence of the defendant. . . ."

In applying the lent employee doctrine to the allegations, we clearly have a general employer who has loaned his employee to a special employer. Similarly, the allegations state in unambiguous language that the plaintiff was under the direct supervision and control of Texas Gulf. The complaint does not allege, however, that there was a contract for hire, express or implied, with the special employer. Nor does the complaint allege that the work being done was essentially that of the special employer. Indeed, the complaint fails to even mention the line of work in which Texas Gulf is engaged.

In discussing the necessity, under the lent employee doctrine, that the employment be under an "appointment or contract of hire," this Court in *Collins v. Edwards* noted that in lent employee cases:

The only presumption is the continuance of the general employment, which is taken for granted as the beginning point of any lent-employee problem. To overcome this presumption, it is not unreasonable to insist upon a clear

demonstration that a new temporary employer has been sub-
stituted for the old . . . failing this, the general employer
should remain liable. [Citations omitted.]

21 N.C. App. at 460, 204 S.E. 2d at 877. Thus, to find that all
three conditions of the lent employee doctrine were met, this
Court would be required to overcome presumptions and to make
conclusions of law and unwarranted deductions of facts not admit-
ted by the pleadings. This we will not do.

The joint employee doctrine poses a similar obstacle to de-
fendant's motion to dismiss. For "although there is a mutual
business interest between the two employers, and perhaps even
some element of control, joint employment as to one employer
cannot be found in the absence of a contract with that employer."
1C, Larson, *The Law of Workmen's Compensation* § 48.44, pp.
8-531-32.

The Supreme Court of North Carolina in *Sutton v. Duke*, 277
N.C. 94, 102, 176 S.E. 2d 161, 165-66 (1970), has noted and followed
the rule that "a complaint should not be dismissed for failure to
state a claim unless it appears beyond doubt that the plaintiff can
prove no set of facts in support of his claim which would entitle
him to relief." In *Sutton* it was additionally noted that the motion
to dismiss under Rule 12(b)(6) may not be successfully interposed
to a complaint formerly labeled a "defective statement of a good
cause of action." "For such complaint . . . the rules governing
discovery, and the motion for summary judgment provide pro-
cedures adequate to supply information not furnished by the com-
plaint." *Id.* at 106, 176 S.E. 2d at 168. Therefore, even if a clearer
explanation of plaintiff's employment relationship with defendant
would have been helpful, plaintiff's complaint cannot be dismissed
on that ground.

"To dismiss the action now would be 'to go too fast too soon.'
. . . This case is not yet ripe for a determination that there can
be no liability as a matter of law." *Id.* at 108, 176 S.E. 2d at 169.

Allowance of the motion to dismiss was error. We reverse
and remand this case for further proceedings in accordance with
this opinion.

Reversed and remanded.

Chief Judge HEDRICK and Judge ARNOLD concur.