ZACHARY, Judge.
The question presented is whether plaintiff was an employee of Armstrong Transfer & Storage Company within the meaning of the Workers' Compensation Act at the time plaintiff sustained his injury. For the reasons explained herein, we conclude that he was not an employee of Armstrong, and affirm the Full Commission's Opinion and Award.
Background
Defendant Armstrong Transfer & Storage Company is a moving company located in Charlotte, and is one of many affiliate companies of United Van Lines. Armstrong has two "company drivers" and over twenty "contract drivers" who drive its moving trucks to and from the moving sites. Armstrong's drivers are assisted by "lumpers," who help the drivers load and unload the moving trucks. Armstrong's "contract drivers" handle the majority of Armstrong's moves, and are paid according to the total revenue generated from each job. The drivers then pay themselves and the lumpers' wages out of that sum.
Armstrong's lumpers do not complete an employment application or enter into a formal employment agreement with Armstrong. However, lumpers must pass a criminal background check every three years in order to remain eligible to work on Armstrong's moving jobs. Once a lumper passes the background check, the lumper joins Armstrong's list of certified lumpers. When a customer hires Armstrong for a move, Armstrong assigns the job to a driver, and the driver determines how many lumpers will be needed. Drivers may only use lumpers who have been certified by Armstrong. Either Armstrong or the driver contacts the requisite number of lumpers, and tells the lumpers when and where to arrive for the job. Armstrong's lumpers are required to be in uniform while on the job. Lumpers are free to decline a job at any time.
In addition to providing lumpers for its own drivers, Armstrong either provides a list of eligible lumpers to, or advises eligible lumpers of jobs available with, drivers of moving companies affiliated with United Van Lines that are moving customers into the Charlotte area. Armstrong comptroller Jeffrey V. Wilson testified that those affiliated drivers will "be moving a shipment from City 'A' to Charlotte and they'll call a couple of days ahead to our dispatch function and say hey, I'm going to be there Wednesday, I need two helpers and as a-and our drivers receive the same help when they're away from Charlotte."
Plaintiff Kenneth B. Wiley was one of Armstrong's certified lumpers. On 16 July 2014, an Armstrong dispatcher contacted Wiley and told him that there was a job available unloading a moving truck for a driver named Russell Howe. Howe was a driver for Corrigan, one of the companies in the United network. Howe had contacted Armstrong as a part of the reciprocal exchange of lumpers.
Wiley injured his shoulder while unloading Howe's truck on 16 July 2014. It is undisputed that this constituted a compensable injury by accident for purposes of receiving benefits under the Workers' Compensation Act. On 9 September 2014, Wiley filed an Amended Form 18 "Notice of Accident to Employer and Claim of Employee," listing defendant Armstrong as Wiley's employer. Wiley also filed a Form 18 listing Howe as an employer. Howe admitted to the relationship, and "Howe and his insurer, VanLiner, accepted a claim of injury to [Wiley's] left shoulder and commenced payment of disability benefits and medical compensation to [Wiley] in a separate workers' compensation claim." This claim was settled and the settlement was approved by the Commission. However, Armstrong denied that an employment relationship existed with Wiley, and filed a Form 33 "Request That Claim Be Assigned For Hearing" before the Industrial Commission. On 13 June 2016, Deputy Commissioner David Mark Hullender entered a Corrected Opinion and Award denying Wiley's claim against Armstrong for benefits on the grounds that "the requisite employer-employee relationship was not present between Armstrong and [Wiley] as of the date of incident in this claim [.]" Wiley thereafter filed a Form 44 "Application for Review" in the Full Commission.
On 28 April 2017, the Full Commission entered its Opinion and Award concluding that Wiley was not an employee of Armstrong on 16 July 2014, and denying Wiley's claim for workers' compensation benefits. Wiley timely appealed to this Court. On appeal, Wiley argues that the Full Commission erred in concluding that no employee-employer relationship existed between Armstrong and him on the date of his injury, and thus denying his claim for workers' compensation benefits.
Standard of Review
"[T]he existence of an employer-employee relationship at the time of the injury constitutes a jurisdictional fact." McCown v. Hines , 353 N.C. 683, 686, 549 S.E.2d 175, 177 (2001) (citing Youngblood v. North State Ford Truck Sales , 321 N.C. 380, 383, 364 S.E.2d 433, 437 (1988) ). "Findings of jurisdictional fact by the Industrial Commission ... are not conclusive upon appeal even though supported by evidence in the record." Dowdy v. Fieldcrest Mills, Inc. , 308 N.C. 701, 705, 304 S.E.2d 215, 218 (1983) (citing Richards v. Nationwide Homes , 263 N.C. 295, 139 S.E.2d 645 (1965) ). Instead, this Court has the duty "to make [our] own independent findings of such jurisdictional facts from [our] consideration of all the evidence in the record." Lucas v. Li'l Gen. Stores , 289 N.C. 212, 218, 221 S.E.2d 257, 261 (1976) (citations omitted).
Discussion
"To be entitled to maintain a proceeding for workers' compensation, the claimant must be, in fact and in law, an employee of the party from whom compensation is claimed." Youngblood , 321 N.C. at 383, 364 S.E.2d at 437 (citations omitted); see also Scott v. Waccamaw Lumber Co. , 232 N.C. 162, 164, 59 S.E.2d 425, 426 (1950) (citing N.C. Gen. Stat. § 97-2 ). "[T]he claimant bears the burden of proving the existence of an employer-employee relationship at the time of the accident." McCown , 353 N.C. at 686, 549 S.E.2d at 177 (citing Lucas , 289 N.C. at 218, 221 S.E.2d at 261 ).
The question of whether an individual is properly considered an employee for purposes of the Workers' Compensation Act "is determined by the application of ordinary common law tests." Youngblood , 321 N.C. at 383, 364 S.E.2d at 437 (citations omitted). "The relationship of employer-employee 'is essentially contractual in its nature, and [may] be determined by the rules governing the establishment of contracts, express or implied.' " Dockery v. McMillan , 85 N.C. App. 469, 473, 355 S.E.2d 153, 155, disc. review denied , 320 N.C. 167, 358 S.E.2d 49 (1987) (quoting Hollowell v. NC Dep't of Conservation and Dev. , 206 N.C. 206, 208, 173 S.E. 603, 604 (1934) ). Hence, the analysis of whether an individual is properly considered an "employee" for purposes of the Workers' Compensation Act will ultimately be contingent upon the existence of an express or implied contractual relationship. Youngblood , 321 N.C. at 384, 364 S.E.2d at 437.
Even in the absence of an express employment contract, it is "universally held" that an implied employer-employee relationship is created "[w]here the party for whom the work is being done retains the right to control and direct the manner in which the details of the work are to be executed[.]" Id. at 384, 364 S.E.2d at 437 (citing Hayes v. Elon College , 224 N.C. 11, 15, 29 S.E.2d 137, 139-40 (1944) ). It is also well established that "[a]n employee is one who works for another for wages or salary, and the right to demand pay for his services from his employer would seem to be essential to his right to receive compensation under the [Workers'] Compensation Act[.]" Hollowell , 206 N.C. at 210, 173 S.E. at 605. The payment of wages is relevant to the finding of an employment relationship because the payment provides the consideration necessary for a valid contractual agreement.
"Under some circumstances, a person can be the employee of two different employers at the time of the injury." Whicker v. Compass Group USA, Inc. , --- N.C. App. ----, ----, 784 S.E.2d 564, 569 (2016) (citing Leggette v. McCotter, 265 N.C. 617, 625, 144 S.E.2d 849, 855 (1965) ). If an employee, "under contract with two employers, and under the simultaneous control of both, simultaneously performs services for both employers, and when the service for each employer is the same as, or is closely related to, that for the other [,]" both employers are liable for injury suffered under the Workers' Compensation Act. Anderson v. Texas Gulf, Inc. , 83 N.C. App. 634, 636, 351 S.E.2d 109, 110 (1986) (emphasis omitted). Nevertheless, even where "there is a mutual business interest between the two employers, and perhaps even some element of control, joint employment as to one employer cannot be found in the absence of a contract with that employer." Id. at 638, 351 S.E.2d at 111 (citation and quotation marks omitted).
In the instant case, there is no dispute that on 16 July 2014, Wiley was Howe's employee. Even so, the interposition of this contractual relationship does not prevent Armstrong from also being classified as Wiley's employer for purposes of the Workers' Compensation Act. In order for joint employment to be found, however, an express or implied employment contract must have existed between Wiley and Armstrong on the date of injury.
Wiley contends that an implied employment agreement existed because he was subject to a degree of control by Armstrong on the date of his injury. It is clear that Wiley was required to perform in a manner satisfactory to Armstrong in order for Wiley to continue receiving work with Armstrong's drivers. For example, Armstrong's comptroller testified that "if we send somebody out and we saw that the driver and/or the [lumper] were not in uniform I'm sure we'd have a word with the driver and he in turn would have a word with the help." However, while the nature of this relationship certainly implies a level of control over a lumper who is working on one of Armstrong's moving jobs, there is no indication in the record that this level of control would have been exerted over Wiley while working the Corrigan job. Nevertheless, the general level of control exerted by Armstrong over Wiley is relevant to the determination of whether an implied employment agreement existed between them. See Whicker , --- N.C. App. at ----, 784 S.E.2d at 571. A degree of control alone, however, does not necessarily establish an implied employment agreement.
It is central to the nature of an employment agreement that Wiley maintained "the right to demand pay for his services from " Armstrong. Hollowell , 206 N.C. at 210, 173 S.E. at 605 (emphasis added). In the instant case, even when working for one of Armstrong's contract drivers, Wiley is paid not by Armstrong. Armstrong pays its contract drivers a particular sum for each job. The driver receives that amount regardless of the number of lumpers that the driver chooses to hire. The driver then pays the lumpers out of that job's net revenue. Armstrong also does not set wages or hourly rates for its lumpers. Thus, there is no indication that lumpers have the right to demand payment from Armstrong, even while working for one of Armstrong's drivers. Thus, the record provides no reason for this Court to believe that Wiley would have had the right to demand payment from Armstrong for his services at the 16 July 2014 job at issue.
"[T]he right to demand pay for [an employee's] services from his employer" is "essential" to the existence of an employment relationship for purposes of the Workers' Compensation Act. Id. at 210, 173 S.E. at 605. In other words, without a right to payment, no contract for employment has been created. The fact that Armstrong was not the entity responsible for compensating Wiley-either on the date of his injury or otherwise-precludes the finding of an employment agreement in the instant case. Accordingly, the Full Commission did not err when it concluded that Wiley was not Armstrong's employee on 16 July 2014.
Conclusion
For the reasons expressed herein, the Opinion and Award of the Full Commission is
AFFIRMED.
Report per Rule 30(e).
Judges CALABRIA and ARROWOOD concur.